ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOARD OF COUNTY COMMISSIONERS OF FRANKLIN COUNTY, KANSAS, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-4063-JAR |
| TERRY LEE ROBERTS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case was originally filed by plaintiff Board of County Commissioners of Franklin, County, Kansas in Franklin County, Kansas District Court and was removed by defendant Terry Lee Roberts on June 27, 2011 (Doc. 1). The Court has reviewed defendant's notice of removal and finds no basis for federal removal jurisdiction. As explained more fully below, this case is remanded to the Franklin County District Court.

On March 11, 2010, plaintiff filed a Petition in Franklin County District Court against defendant Terry Lee Roberts and multiple other defendants, pursuant to K.S.A. § 79-2801, *et seq.*, alleging that defendant and others failed to pay real property taxes that had been levied and assessed, and seeking judicial foreclosure of the tax liens.

Defendant, proceeding *pro se*, removed this action to federal court on June 27, 2011. In his notice of removal, he contends that he filed his notice of removal within thirty (30) days of a "verbal order given on 06/14/2011." He argues that the case presents a federal question pursuant to 28 U.S.C. § 1331 because it is an issue of public importance or consequence, and it is a

constitutional issue "under the 14th and 15th Amendment to the U.S. Constitution, in reference to treaties of land Patents under both, the Homestead Act, The Dawes Act, sections 3, 5, and 6 . . . ." He argues that any claims by plaintiff against the subject property should be considered waived because the plaintiff did not challenge or oppose a federal land patent within a certain amount of time.

The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[1] As the party invoking the federal court's jurisdiction, defendant carries the burden of demonstrating that the requirements for exercising jurisdiction are present.[2] Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[3] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[4] "Doubtful cases must be resolved in favor of remand."[5]

Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In order to determine whether a claim "arises under" federal law, the Court refers to the "well-pleaded complaint rule."[6] That rule provides that "federal jurisdiction exists only

---

[1] 28 U.S.C. § 1447(c).

[2] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted), *aff'd*, 546 U.S. 132 (2005).

[3] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[4] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[5] *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995) (further citations omitted)).

[6] *See Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).

when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[7]  Here, the Petition relies exclusively on State law.  Removal is not appropriate on the basis of a federal defense.[8]  Because removal is not appropriate on the basis of a federal defense, the Court lacks removal jurisdiction.

Because jurisdiction does not affirmatively appear in the record, **the Court remands this case to the Franklin County District Court**.

**IT IS SO ORDERED.**

Dated: July 5, 2011

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

[8] *Id.* at 392–93; *Felix v. Lucent Techs, Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)), *cert. denied*, 545 U.S. 1149 (2005).